UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CoSTAR REALTY INFORMATION, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814,

and

CoSTAR GROUP, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814,

      Plaintiffs,

v.

RSP & ASSOCIATES, LLC
9450 SW Commerce Circle, Suite 101
Wilsonville, Oregon 97070,

      Defendant.

Civil Action No. _____

## COMPLAINT

Plaintiffs CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, and CoSTAR GROUP, INC., a Delaware Corporation (collectively "CoStar" or "Plaintiffs"), for their Complaint against Defendant RSP & Associates, LLC, alleges as follows:

## PARTIES

1.     CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland 20814-5388.

2. CoStar Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland 20814-5388.

3. Defendant RSP & Associates, LLC ("RSP") is an Oregon corporation, organized and existing under the laws of the State of Oregon, with its principal place of business located at 9450 SW Commerce Circle, Suite 101, Wilsonville, Oregon 97070.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. The controversy is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of Maryland pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiffs' claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

6. Personal jurisdiction over RSP is proper in this District because RSP has, by written contract, consented to the jurisdiction of this Court and has committed the tortious acts alleged herein with foreseeable consequences in this District.

## BACKGROUND

7. CoStar is a leading national commercial real estate information services provider. At enormous effort and expense, CoStar has created state-of-the-art software technology and research methods to develop one of the most comprehensive commercial real estate information databases available. CoStar currently employs the services of approximately 600 trained research professionals, including a field research force with over 120 research photographers and a fleet of 75 specially equipped field research vehicles, that canvass the country, building information and analysis and photographs that are integrated into an enormous database that is updated daily.

8. CoStar's photographs and the other information in CoStar's databases are not part of a repository of information generally available for free. CoStar licenses its information services to businesses, including primarily commercial real estate brokers, asset managers, mortgage lenders, investors, owners, property managers, security analysis, REIT professionals and appraisers/mortgage underwriters. CoStar's information licenses, among other things, enable its licensees to find for themselves or their customers available space for tenants, to match buyers to properties for sale, find tenants, research brokers, locate market-related information, and to value commercial real estate sales transactions. CoStar's licensees can search CoStar's database by selecting from the more than 150 fields of information and analysis included in the file for each property to find those properties that suit their needs. CoStar's licensees can search through CoStar's information in thousands of different ways to analyze various real estate markets, and thus access to CoStar's database greatly reduces the need for CoStar's licensees to spend money on conducting research to locate much of the very same information already collected, organized, developed and analyzed by CoStar.

3

9. With the exception of a very limited amount of its information services CoStar makes available for no charge on the Internet at http://www.CoStar.com, access to CoStar's information services is offered only to authorized users. Interested members of the general public can become authorized users either (a) by entering into an online agreement for *ad hoc* access and use, or (b) by entering into a written license agreement and subscribing to one or more of CoStar's information services.

10. Access to CoStar's subscription information services and their associated databases is limited to those authorized users who gain authorization solely pursuant to written license agreements, which limit their access and use of CoStar's databases to specific numbers of licensed users and licensed sites.

11. Once a party executes a license agreement with CoStar, each of its authorized users is provided with a user identification and password and is given authorized use for Internet-based access to CoStar's subscription information services within the terms of the user's specific license. An authorized user must input a valid user identification and password at the "Subscriber Login Area" to gain authorized access to CoStar's restricted access information services for which they are licensed. The Subscriber Login Area contains prominent notices advising the user on each occasion of their use: "By logging in you are agreeing to CoStar's terms of use." and "Access restricted to licensed users. Sharing of passwords is prohibited." The authorized user must scroll through and "accept" the applicable online Terms of Use the first time they use the product as well as at periodic intervals thereafter. Furthermore, a warning appears at the bottom of the homepage that reads: "By using this site, you agree to our Terms of Use." Here too, by clicking on the underlined phrase, the user can view the terms of use.

12. The Terms of Use provide:

4

By accessing or using this Site (or any part thereof), you agree to be legally bound by the terms and conditions that follow (the "Terms of Use") as we may modify them from time to time. These Terms of Use apply to your use of this Site, including the CoStar services and products offered via the Site. **They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use.** If you do not agree to the Terms of Use, or if you do not have the right, power, and authority to agree to and be bound by these Terms of Use, you may not use the Site. (emphasis added).

13. In addition, the Terms of Use specifically note that "[p]ortions of the [website] are available only to individuals or entities who purchase a subscription ('Subscribers') and who, as specified in these Terms of Use and/or in the associated written license agreement between the Subscriber and CoStar that authorizes use of the information or product(s) (the 'License Agreement'), are Authorized Users (as defined below) under such a subscription."

14. Under the header "Prohibited Uses," the Terms of Use provide that "you shall not ... [a]ccess any portion of the [databases] unless you are an Authorized User for such [databases] using the Passcodes assigned to you by CoStar to access the components and services of the [databases] that your subscription authorizes you to access, subject to the terms contained therein and in these Terms of Use."

15. The Terms of Use also state that "[u]pon your breach of any term of these Terms of Use or the License Agreement, CoStar's remedies shall include any monetary benefits that accrued to you as a result of the breach, any damages incurred by CoStar related to your breach and any other damages and relief available at law or in equity." The terms of use further provide that "CoStar shall be entitled to recover all costs, including attorney's fees."

~BALT1:4136668.v1 |11/1/04
308078-20

16. Finally, the Terms of Use provide that the user "irrevocably consent[s] to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use."

## EVENTS GIVING RISE TO THE LAWSUIT

17. RSP signed a two-user License Agreement with CoStar in March 2002 for access to the CoStar COMPS® commercial real estate information databases and related software.

18. Under Sections 1, 2 and 12 of RSP's License Agreement with CoStar, RSP agreed, among other things: (a) not to provide third parties with access to or use of the CoStar database service, (b) not to sub-license or resell CoStar's information services to others, (c) not to share the two user IDs and passwords assigned to its two authorized users with non-authorized users within RSP, and (d) upon termination, to delete or destroy all portions of the CoStar database service within its possession and to provide CoStar with a written certification to that effect.

19. In violation of these provisions in RSP's License Agreement with CoStar, RSP provided its user names and passwords to one or more individuals at third-party firms, who used the user name and password improperly to access and use CoStar's commercial real estate information subscription services for their own commercial purposes without a valid license or any other authorization from CoStar. As a result of RSP's breach of its License Agreement with CoStar, third parties were able to use CoStar's commercial real estate information services without paying the subscription and license fees that other firms pay for the service. CoStar learned of this unauthorized access when one of the third parties, apparently intending to call RSP, accidentally contacted CoStar Customer Service and asked for RSP's key token code.

20. In violation of these provisions in RSP's License Agreement with CoStar, RSP provided the user names and passwords assigned to its two authorized users to non-authorized users within RSP who used such user names and passwords improperly to access and use CoStar's commercial real estate information subscription services for RSP's commercial purposes without authorization from CoStar. As a result of RSP's breach of its License Agreement with CoStar, RSP failed to pay a higher amount of license fees to CoStar.

21. Attached hereto as Exhibits 1, 2, 3 and 4 are copies of correspondence between CoStar and RSP. These letters evidence RSP's utter disregard for CoStar's legal rights, including false denials from RSP about the improper activity described herein. RSP has also failed to respond to voicemail messages that followed the letter attached as Exhibit 4.

22. RSP refuses to disclose the identities of those that illegally used the CoStar database service meant for use solely by two authorized users at RSP. Further, although the RSP License Agreement with CoStar has terminated, RSP has failed to certify to CoStar that it has deleted and destroyed all portions of the CoStar database service within its possession.

23. Additionally, following termination of the RSP License Agreement with CoStar, and after RSP had been instructed to permanently refrain from accessing or using any subscription-only CoStar database service, someone affiliated with and/or acting on behalf of RSP misrepresented himself to CoStar as a commercial real estate investor unaffiliated with RSP in order to enter into a License Agreement for access to CoStar subscription services. Indeed, as noted in the letter, CoStar's records indicate that the CoStar services delivered pursuant to that agreement were accessed solely through an IP address that was previously used by RSP or by individuals with the CoStar UserID's assigned to

authorized users at RSP. A copy of a cease and desist letter from CoStar to that party is attached hereto as Exhibit 5.

## COUNT I
## BREACH OF CONTRACT BY RSP

24. CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 23 of the Complaint.

25. The License Agreement between RSP and CoStar is a valid contract.

26. RSP breached the License Agreement by: (a) providing its two user names and passwords to third parties, who then accessed and used the CoStar database service without CoStar's authorization or consent; (b) sharing the user names and passwords assigned to the two RSP authorized users with non-authorized users that work within RSP, who then accessed and used the CoStar database service without CoStar's authorization or consent, and (c) refusing and failing to delete and destroy the Licensed Product from CoStar within its possession and then providing CoStar with a written certification to that effect.

27. CoStar has been injured by RSP's breaches as described above. Some of CoStar's injury as a result of RSP's breaches resulted in damages to CoStar in an amount to be proven at trial. CoStar will not have an adequate remedy at law for its entire injury, however, as some of its injury is irreparable. Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT II
## FRAUD

28. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 27 of the Complaint.

8

29. As alleged above, on information and belief, RSP obtained its license to make authorized access to CoStar's database by fraud and deceit when it failed to identify the true purposes it intended to make of the authorized user identifications and passwords it was provided pursuant to the License Agreement.

30. When non-authorized users within RSP accessed the password-protected portions of the database, RSP intentionally accessed a protected computer without authorization. Non-authorized users within RSP made their unauthorized access by fraud and deceit, namely, by using the user names and passwords and otherwise posing as an authorized RSP user of the database.

31. RSP also provided its user names and passwords to third parties. When non-authorized third parties accessed the password-protected portion of the database using RSP's passwords, those third parties intentionally accessed a protected computer without authorization. Non-authorized third parties within RSP made their unauthorized access by fraud and deceit, namely, by using the user names and passwords and otherwise posing as an authorized RSP user of the database.

32. RSP continued its pattern of fraudulent conduct when it made false denials to CoStar concerning improper third party use when it knew it had improperly provided its user names to third parties.

33. Additionally, RSP has continued to attempt to gain unauthorized access to CoStar's subscription-only services, including via agreement entered into under false pretenses.

34. RSP's fraudulent conduct, including RSP's false denials of wrongdoing, has been improper, willful, wanton and/or in reckless disregard of CoStar's rights. RSP has been unjustly enriched as a result of its unauthorized access. RSP's conduct has harmed and will continue to harm CoStar. As a result, CoStar has suffered and will continue to suffer losses and irreparable injury, in

amounts not yet ascertained. CoStar's remedy at law is not itself adequate to compensate it for injuries inflicted by RSP. Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACT
## AND PROSPECTIVE BUSINESS RELATIONSHIP BY RSP

35. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 34 of the Complaint.

36. RSP was at all pertinent times aware of CoStar's standard licensing terms, including its prohibition of the sharing of user names and passwords.

37. RSP intentionally, maliciously and unjustifiably interfered with CoStar's prospective business relationships with potential subscribers by providing one or more of the RSP user names and passwords to third parties.

38. RSP intentionally, maliciously and unjustifiably induced the third parties to breach contracts with CoStar, namely the online Terms of Use at www.costar.com, by providing one or more RSP user names and passwords to those third parties.

39. CoStar has been damaged as a result of RSP's interference, which was improper, willful, wanton and/or in reckless disregard of CoStar's rights. Additionally, RSP has been unjustly enriched by their interference.

## PRAYER FOR RELIEF

**WHEREFORE,** CoStar asks that this Court:

(1) Enter a judgment against RSP that it has breached its contract with CoStar;

(2) Grant a preliminary and permanent injunction (a) restraining and enjoining RSP and any of its principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, from (i) making any unauthorized access to or use of any CoStar database service, (ii) interfering with CoStar's current or prospective contracts pertaining to use and access of any CoStar's database, and (iii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ii) above; and (b) ordering RSP and any of its principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, to permanently delete and destroy all portions of any CoStar database service within their possession, and within ten (10) days provide CoStar with a signed affidavit certifying completion of such deletion/destruction;

(3) Enter judgment against RSP and in favor of CoStar for disgorgement of any amounts by which it was unjustly enriched;

(4) Enter judgment against RSP and in favor of CoStar for compensatory damages;

(5) Enter judgment against RSP and in favor of CoStar for punitive damages;

(6) Enter judgment against RSP and in favor of CoStar for prejudgment interest, costs and attorneys' fees; and

(7) Grant CoStar such other and further relief as is just.

Respectfully submitted,

_____
Hugh J. Marbury (Fed. Bar No. 24653)
Piper Rudnick LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)

11

Keith W. Medansky
Alan S. Dalinka

Piper Rudnick LLP
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
312-368-4000
312-236-7516 (facsimile)

Attorneys for CoSTAR REALTY
INFORMATION, INC., a Delaware Corporation,
and CoSTAR GROUP, INC., a Delaware
Corporation

~BALT1:4136668.v1 |11/1/04
308078-20

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand trial by jury of any issue triable of right by a jury.

_____
Hugh J. Marbury