IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CoSTAR REALTY INFORMATION, INC., a
Delaware Corporation,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814,

and

CoSTAR GROUP, INC., a Delaware Corporation,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814,

      Plaintiffs,

v.

RSP & ASSOCIATES, LLC
9450 SW Commerce Circle, Suite 101
Wilsonville, Oregon 97070

      Defendant.

Case No. DKC 04 CV 3520

## STIPULATION FOR ENTRY OF JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT AND [PROPOSED] ORDER

Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar"), and Defendant RSP & Associates, LLC ("RSP"), hereby stipulate as follows:

A.   On November 2, 2004, CoStar filed this Action (the "Action") asserting claims for: breach of contract (Count I); fraud (Count II); and tortious interference with contract and prospective business relationship (Count III).

B.   The claims asserted by CoStar in this Action arose out of RSP's alleged unauthorized access, use and distribution of CoStar's proprietary database containing commercial real estate information and photographs, including but not limited to RSP's alleged dissemination of passcodes that allegedly enabled third parties to obtain unauthorized access to

and use of CoStar's proprietary database. In particular, and as alleged in the Complaint, this lawsuit arises out of the following facts:

1. Authorized access to CoStar's subscription information services is limited to those users who gain access pursuant to a written license agreement between their employer and CoStar, which, among other terms and conditions, identifies a specified number of designated licensed users ("Authorized Users"). Once a business executes a license agreement with CoStar, each of its Authorized Users is provided with a user identification, password and, if applicable, electronic key token (collectively, "passcodes"), which allows the user Internet-based access to CoStar's subscription information services within the terms of the user's specific license.

2. An Authorized User must input a valid passcode at the "Subscriber Login Area" to gain authorized access to CoStar's restricted access information services for which they are licensed. The Subscriber Login Area contains prominent notices advising the user on each occasion of their use: "By logging in you are agreeing to CoStar's terms of use" and "Access restricted to licensed users. Sharing of passwords is prohibited." The Authorized User must scroll through and "Accept" the applicable online Terms of Use the first time the use the product as well as at periodic intervals thereafter.

3. RSP signed a two-user license agreement (the "License Agreement") with CoStar in March 2002 for access to the CoStar COMPS® (Portland market) database. The terms and conditions in the License Agreement prohibited RSP from, among other things, (a) providing third parties with access to or use of the CoStar database service, and (b) providing the passcodes assigned to RSP's Authorized Users to third parties or to non-Authorized Users within RSP.

4. In violation of these provisions in the License Agreement, RSP allegedly provided its passcodes to one or more individuals at third-party firms, who allegedly used the passcodes improperly to access and use CoStar's commercial real estate information services for their own commercial purposes without a valid license or any other authorization from CoStar. As a result of RSP's alleged breach of the License Agreement, third parties were allegedly able to use CoStar's subscription services without paying the license fees that other firms pay for the service. CoStar learned of this alleged unauthorized access when a third party contacted CoStar Customer Service Department for assistance with RSP's passcodes. In further violation of the License Agreement, RSP allegedly provided its passcodes to non-Authorized Users within RSP who allegedly used such passcodes improperly to access and use CoStar's subscription services for RSP's commercial purposes without authorization from or payment of fees to CoStar.

C. CoStar and Defendant have agreed to settle this Action and have entered into a formal written Settlement Agreement and Mutual Release, the terms of which include that, among other things, RSP consents to the entry of a Permanent Injunction/ Consent Judgment in the form set forth below.

**NOW THEREFORE DEFENDANT CONSENTS AND AGREES THAT**, RSP, along with its directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, shall be and hereby are **PERMANENTLY ENJOINED** and restrained from:

1. obtaining, accessing, using, reproducing, distributing, creating derivative works from, or displaying, whether directly or indirectly, any CoStar database service or any portion thereof, without first obtaining written authorization from CoStar.

2. obtaining or using any passcodes for use of any CoStar database service or any portion thereof for any purpose other than as specifically set forth in a valid CoStar license agreement;

3. interfering with CoStar's current or prospective contracts pertaining to use and access of CoStar's database service; and

4. assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

DEFENDANT FURTHER CONSENTS AND AGREES THAT, within 10-days from the date of termination or non-renewal of the license agreement between CoStar and RSP dated March 17, 2005 relating to delivery of the CoStar COMPS database service, RSP shall permanently delete and destroy all elements of the CoStar COMPS service under its control (regardless whether CoStar delivered such licensed product to RSP during the aforementioned license agreement or under previous license agreements relating to the CoStar COMPS service), and RSP shall affirm the completion of this process by execution and delivery to CoStar of an affidavit to that effect.

**IT IS SO STIPULATED.**

DATED: March 17th, 2005     RSP & ASSOCIATES, LLC

By: _____

DATED: March 23rd, 2005     CoSTAR REALTY INFORMATION, INC.

By: Carla Garrett
General Counsel

DATED: March 23rd, 2005     CoSTAR GROUP, INC.

By: Carla Garrett
General Counsel

Approved as to form:

DATED: March 17, 2005          RSP & ASSOCIATES, LLC

                               *[signature]*
                               _____
                               Timothy Landis
                               Timothy Landis, P.C. - Attorneys At Law
                               One S.W. Columbia Street, Suite 1110
                               Portland, Oregon 97258
                               503-220-1331
                               503.227.7829 (facsimile)
                               Attorney for Defendant
                               RSP & Associates, LLC


DATED: March 25, 2005          CoSTAR REALTY INFORMATION, INC.
                               CoSTAR GROUP, INC.

                               *[signature]*
                               _____
                               Hugh J. Marbury (Fed. Bar No. 24653)
                               DLA Piper Rudnick Gray Cary US LLP
                               6225 Smith Avenue
                               Baltimore, Maryland 21209
                               410-580-3000
                               410-580-3001 (facsimile)

                               Keith W. Medansky
                               Alan S. Dalinka
                               DLA Piper Rudnick Gray Cary US LLP
                               203 North LaSalle Street, Suite 1900
                               Chicago, Illinois 60601
                               312-368-4000
                               312-236-7516 (facsimile)

## ORDER

Upon the parties stipulation and for the good cause shown therein, the Court hereby enters this Consent Judgment in favor of Plaintiffs and permanently enjoins and restrains Defendant along with its directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them as set forth above. This case is terminated, however, the Court shall retain jurisdiction over these parties and this dispute for the purpose of enforcing

**IT IS SO ORDERED.**

DATED: March 28, 2005

_/s/ Deborah K. Chasanow_
Hon. Deborah K. Chasanow
UNITED STATES DISTRICT COURT JUDGE